## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAINAWAY AUSTRALIA PTY LIMITED** **ACN 151 146 977,** | : |
| | : |
| **Plaintiff,** | : |
| | :  **CIVIL ACTION** |
| **v.** | : |
| | :  **NO.  18-3854** |
| **MAXRELIEF USA, INC.,** | : |
| | : |
| **Defendant/Counterclaim Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **PAINAWAY AUSTRALIA PTY LIMITED** **CAN 151 146 977 and** | : |
| **MUCH SHELIST, P.C.,** | : |
| | : |
| **Counterclaim Defendants.** | : |

### MEMORANDUM

**TUCKER, J.**                                                    **March 30, 2022**

Presently before the Court is Defendant and Counterclaim Plaintiff MaxRelief USA, Inc.'s ("Defendant" or "MaxRelief") Motion for Summary Judgment (ECF No. 46), Plaintiff and Counterclaim Defendant Painaway Australia Pty Limited ACN 151 146 977's ("Plaintiff" or Painaway") Response (ECF No. 52), and Defendant's Reply (ECF No. 53). Upon careful consideration of the Parties' submissions, and for the reasons outlined below, Defendant's Motion is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

### I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

#### a.  The Relevant Parties

---

[1] This section draws primarily from Plaintiff's Complaint (ECF No. 1) and the Parties' Statements of Undisputed Facts (ECF Nos. 46-2 and 52-1).

Plaintiff, Painaway, is an Australian owned and operated company that distributes a range of arthritis and pain relief spray, cream, and roll-on products under the brand name "Painaway." ECF No. 46-2, ¶¶ 10-11. Painaway is registered with the Australian Therapeutic Goods Administration ("TGA"), Australia's regulatory agency for medical drugs and devices. *Id.* at ¶ 11. Plaintiff sells their products to consumers inside and outside of Australia, via its website. *Id.* at ¶ 14. ████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

██████

Defendant MaxRelief is a business incorporated in Delaware that manufactures and sells pain relief spray and cream through its website. ECF No. 46-2, ¶¶ 1-2. Defendant's products target minor aches and pains associated with sore muscles, joint discomfort, strains, sprains, and arthritis. *Id.* at ¶¶ 3-4. MaxRelief sells its products to numerous customers in the United States, including online distributors such as Amazon.com, retail pharmacies such as Longs Drugs/CVS and Brewerton Pharmacy & Compounding Center, and the general public. *Id.* at ¶ 5.

Natures Investments holdings PTY LTD ("Natures Investments") is a registered Australian company and a non-party in this action. ECF No. 46-2, ¶ 6. In early 2012, Natures Investments manufactured pain relief spray products in Australia which it then sold to MaxRelief. *Id.* Defendant imported and sold those products to distributors and retailers in the United States.[2] *Id.* at ¶ 7. In 2014, however, MaxRelief stopped importing products from Natures

---

[2] It should be noted that Plaintiff denies that there is any distinction between Nature Investments and MaxRelief. ECF No. 52-1, ¶ 7. Painaway asserts that Peter Spoto, MaxRelief's owner and sole employee, was intimately involved in both companies as he is listed as Natures Investments company's Secretary; thus, he was behind both entities. To further illustrate their interconnectedness, both companies use the same address, Circuitry 1/9 Careel Head Road, Avalon, NSW 2107 in the United Kingdom. *Id.* Defendant, however, denies that it was ever part of Natures Investments or done business in this name. ECF No. 46-2, ¶ 9.

Investments and began to source similar pain relief products from within the United States. ECF No. 46-2, ¶ 8.

### b. The Parties' Advertising

Plaintiff Painaway advertised its products as "Australia's No. 1 Joint & Muscle Spray and Cream Topical Pain Relief Brand," because the TGA does not preclude companies from making such representations to Australian consumers. ECF No. 46-2, ¶¶ 17-18. Painaway promoted its products, using the "Australia's No. 1" slogan, on: (1) its Australian website; (2) social media[3]; and (3) Ultimate Fighting Championship ("UFC") athletes' clothing in matches televised in the United States. *Id*. at ¶ 20.

Meanwhile, around 2013, Defendant MaxRelief advertised its own products as "Australia's # 1" through its website, Twitter, and YouTube accounts. ECF No. 46-2, ¶ 21. MaxRelief also used radio and television outlets in select United States' markets to further expand its reach and consumer base,[4] but never advertised in Australia. *Id*. at ¶¶ 21-22. Defendant used the "Australia's #1" slogan at this time because it sourced its products from Australia and, according to Peter Spoto, believed "its product was the best."[5] *Id*. at ¶ 23. Spoto testified that, "at the time [MaxRelief] was made in Australia, it was manufactured – it was invented in Australia, and we believed it to be the best product – the best pain relief product of Australia. [] – we didn't say we were the #1 selling, we didn't say – and to be honest with you, we didn't give much thought to it, other than we're probably Australia's best product –

---

[3] Plaintiff possesses Instagram and Facebook accounts. ECF No. 46-2, ¶¶ 18-19.

[4] Defendant targeted Upstate New York, New York City, Pittsburgh, Ohio, New England, and Hawaii. ECF No. 46-2, ¶ 21.

[5] Plaintiff disputes this statement and states, "Spoto specifically targeted Painaway because of his belief that Elias Nassar [the current Painaway owner], nefariously gained control over Painaway. (Exh. 2, Spoto Dep., at pp. 65-69.)". ECF No. 52-1, ¶ 23. Plaintiff's cited deposition section, however, speaks to Spoto trying to copy a profitable company in Austrialia and implanting it in the United States. Although Spoto mentions that Hyder and Nassar

"ripped [John Carroll, third generation owner of Painaway]," he did not testify that he used the slogan to slight Nasar.

Australia's best pain relieving product, and that's what we say."[6] *Id*. at ¶ 24, citing Ex. 2, Spoto Dep. at 133:13-23.

In September of 2018, Defendant stopped using the "Australia's # 1" advertising slogan.[7] ECF No. 46-2, ¶ 25. At that time, Painaway advised Defendant's customers that MaxRelief used "Australia's #1" slogan in violation of an injunction order issued, via default, by the Honorable Cynthia Rufe of this District. *Id*. at ¶ 25. Spoto or MaxRelief, however, were not parties in these proceedings but chose to stop using the slogan to avoid a lawsuit; instead, Painaway sued and obtained the injunction against Natures Investment. *Id*.

### c.  Plaintiff's Complaint and Claim

Plaintiff Painaway commenced this suit on September 7, 2018, alleging that MaxRelief's use of the "Australia's #1" slogan is in clear violation of the Lanham Act's "Sales Advertising Section" because it is explicitly false and misleading, as MaxRelief's products are not sold in Australia. ECF No. 1; *see also* ECF No, 46-2, ¶ 28. The parties engaged in fact discovery, deposed two individuals, Peter Spoto and Elias Nassar, and attended a settlement conference with the Honorable Magistrate Judge Caracappa. *Id*. at ¶¶ 31-35. Discovery closed on September 20, 2021. *Id*. at ¶ 35. Defendant filed this timely Motion for Summary Judgment on October 20, 2021. ECF No. 46.

In its motion, Defendant argues it is entitled to summary judgment on Plaintiff's Lanham Act False Advertising claim and Painaway failed to make a requisite showing to obtain monetary or injunctive relief. Defendant claims Painaway cannot show that Defendant's advertising (1)

---

[6] Painaway admits that there are no metrics or facts by which MaxRelief could advertise as Australia's #1 product and Spoto simply decided to make the statement. ECF No. 52-2, ¶ 24.
[7] Painaway denies this statement of fact, arguing that Defendant continues to advertise as "Australia's # 1," citing Defendant's website (https://fjori kostricani.com/maxrelief/maxrelief-on-the-radio/) (last visited March 28, 2022). ECF No. 52-2, ¶ 25. Upon examining the website, there is no sign of the slogan and any mention of Australia seems to be scrubbed.

was false or unambiguous because it is non-actionable puffery; (2) deceived a substantial portion of the intended consumer audience; and (3) had a material impact on the intended consumer audience.

This Court agrees and dismisses Plaintiff's claims with prejudice.

## II.      STANDARD OF REVIEW

A district court should only grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 252. "Summary judgment may not be granted…if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Ideal Dairy Farms, Inc. v. John Labott, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996) (internal quotation omitted).

## III.     DISCUSSION

Defendant seeks summary judgment on Plaintiff's claims under the Lanham Act. MaxRelief argues that no reasonable factfinder could conclude that: (1) the slogan "Australia's #1" on its website or various social media accounts is false or misleading; (2) they are actually deceptive or likely to deceive or influence purchasing decisions; or (3) there is any likelihood of

injury. Defendant asserts the slogan falls under the definition of puffery because it is vague and ambiguous.

To successfully make false advertising claim under the Lanham Act, a plaintiff "must prove five elements: (1) that the defendant has made false or misleading statements as to his own product; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014).

Plaintiff fails to prove the first element because Defendant's use of the slogan is puffery. However, for a more complete explanation, this Court will address each argument in turn. For the reasons that follow, Defendant's Motion is **GRANTED**.

### a. Defendant's Use of the Slogan "Australia's #1" is Puffery

Defendant asserts that Plaintiff doesn't have a claim because puffery is inactionable under the Lanham Act. MaxRelief cites a multitude of out-of-district cases to bolster its argument that advertising a product as "#1" is puffery.[8] Def.'s Br. at 11.

Plaintiff, however, contends that Defendant's arguments must fail because none of the cited cases involve advertisements that "purported to be #1 in a geographical area" in which defendants lacked a connection with. Pl.'s Br. at 7. The defendants in the other cases advertised in the area in which they were located. Instead, Plaintiff asserts MaxRelief's advertisement that it

---

[8] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 499 (5th Cir. 2000); *Home Show Tourts, Inc. v. Quad City Virtual, Inc.*, 827 F. Supp. 2d 924 (S.D. Iowa 2011); *In re Century 21-RE/MAX Real Estate Advert. Claims Litig.*, 882 F. Supp 915 (C.D. Cal. 1994); *Hacket v. Feeney*, No. 09-2075, 2011 WL 4007531 (D. Nev. Sept. 8, 2011); *Bridal Expo, Inc. v. van Florestein*, No. 09-3777, 2009 WL 255862 (S.D. Tex. Feb. 3, 2009).

is "Australia's #1," when it has no connection to Australia, is literally false and must be subject to liability. *Id*.

To trigger liability under the Lanham Act, advertising must consist of false or misleading statements of acts. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co.*, 290 F.3d 578, 586 (3d Cir. 2002). When analyzing whether a representation is "literally false," the court must determine the unambiguous claims made and whether those claims are false. *Id*. at 587. "[O]nly an unambiguous message can be literally false." *Id*. On the other hand, if a statement is literally true but tends to deceive consumers, it must be "tested by public reaction." *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993) (internal citation omitted).

Under Third Circuit precedent, a court must determine whether something may be a "literally false" representation if it is explicitly false or "conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." *Novartis*, 290 F.3d at 586-87. The court must analyze the message in full context. *Castrol*, 987 F.2d at 943. "When the challenged [statement] is implicitly rather than explicitly false, its tendency to mislead[], confus[e] or deceiv[e] should be tested by public reaction." *United States ex rel. Knisely v. Cintas Corp.*, 298 F.R.D. 229, 242-43 (E.D. Pa. 2014) (quoting *Castrol*, 987 F.2d at 943).

A claim that is both specific and measurable is one that may be tested, and therefore actionable under the Lanham Act. *Knisely*, 298 F.R.D. at 243. By contrast, a defendant may make a claim that falls under "puffery." "Puffery," is exaggerated advertising, blustering, and boasting," or "vague" and "general claim[s] of superiority." *Id*.; *see also Verisign, Inc. v. XYZ.com LLC*, 848 F.3d 292, 302 (4th Cir. 2017) (citations omitted). "Because puffery is not a

factual statement and because 'no reasonable person would rely on such superlatives,' it is not actionable under the Lanham Act." *Trex Co. v. CPG Int'l LLC*., No. 17-005, 2017 WL 3272013 at *4 (W.D. Va. Aug. 1, 2017) (citations omitted).

MaxRelief's use of "Australia's #1" slogan is textbook puffery. As a preliminary matter, Peter Spoto's deposition indicates that he chose the slogan for subjective reasons. Spoto, the individual operating officer at MaxRelief, testified at his deposition that he chose the slogan because he believed "its product was the best." *Id*. at ¶ 23. Spoto testified that, "at the time [MaxRelief] was made in Australia, it was manufactured – it was invented in Australia, and we believed it to be the best product – the best pain relief product of Australia. [] – we didn't say we were the #1 selling, we didn't say – and to be honest with you, we didn't give much thought to it, other than we're probably Australia's best product – Australia's best pain relieving product, and that's what we say." *Id*. at ¶ 24, citing Ex. 2, Spoto Dep. at 133:13-23. He simply believed his product was the best and made a simple claim "of superiority."

Second, Defendant does not claim or attach any quantifiable measure to its claim. As Spoto testified, he did not claim that the product was the best selling in Australia, nor did he say the products were made from the best materials Australia had to offer. Instead, it was merely a statement that MaxRelief was "Australia's #1." Additionally, the slogan did not include much more for the general public to make a determination to rely on. As stated above, because it is unquantifiable, ambiguous, and vague, it cannot be determined to be literally false, and instead, is puffery. *Knisely*, 298 F.R.D. at 243.

Third, nowhere in MaxRelief's slogan does he specify a "specific person or identifiable group" that favored the product. Courts that have decided similar cases have determined that when an advertisement, representation, or slogan fails to identify a specific person or group, it

falls under puffery. *See Verisign*, 848 F.3d at 303; *see also American Italian Pasta Co. v. New World Co.*, 371 F.3d 387, 390 (8th Cir. 2004) (The Eighth Circuit held that the statement "America' Favorite Pasta" was puffery, in part, because no "specific person or identifiable group" is indicated as favoring the product).

Fourth, looking at the slogan's context, as directed by the Third Circuit, nothing in the facts before us dictate that Defendant specified a particular group or was proposing that its product was the best based on quantifiable measurements. Spoto's deposition, the slogan itself, and MaxRelief's website displaces these notions.

Finally, addressing Plaintiff's argument that the cases cited are distinguishable because of the geographical location, this Court finds this distinction irrelevant. Defendant sourced the materials and products from Australia; thus, without adding specifics as Defendant did here, MaxRelief is allowed to safely make this broad and vague claim that it was "Australia's #1" within the confines of puffery. The slogan is not literally false because materials for the products did come from Australia. *See Daster Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (The Supreme Court held that in a § 43(a)(1)(A) case that geographic "origin" refers to "the producer of the tangible goods that are offered for sale, and not the author of any idea, concept or communication embodied in those goods."). Thus, Defendant's slogan is puffery and Plaintiff fails to defeat MaxRelief's Motion for Summary Judgment.

> **b. Defendant's Advertising and Deception of a Substantial Portion of the Intended Consumer Audience.**

Defendant asserts that nothing in the record supports Plaintiff's ability to satisfy the consumer deception element. Def.'s Br. at 15. This Court agrees.

The plaintiff must show that defendant's misrepresentation is "material, in that it is likely to influence the purchasing decision." *United States Healthcare, Inc. v. Blue Cross Great Phila.*,

898 F.2d 914, 922 (3d Cir. 1990) (quotations omitted). To recover damages, a plaintiff must also

show that the misrepresentation "actually deceives a portion of the buying public." *Id.* (quoting

*Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641, 648 (3d Cir. 1958)). As stated

above, Plaintiff must show that the statement or slogan "should be tested by public reaction."

*United States ex rel. Knisely*, 298 F.R.D. at 242-43 (quoting *Castrol*, 987 F.2d at 943).

Plaintiff has failed to show that consumers were deceived. Plaintiff does not cite anything

in the record to show which consumers were deceived, nor anything to create a genuine issue of

material fact, such as conducting a survey. In fact, Painaway does not even address Defendant's

argument on this element. Thus, this Court will grant Defendant's Motion for Summary

Judgment.

### c. Plaintiff's Request for Injunctive Relief

Defendant argues Painaway failed to make the requisite showing to obtain monetary or

injunctive relief. Def.'s Br. at 17. MaxRelief contends Plaintiff has not offered a shred of

evidence during this case showing that Defendant's advertising slogan diverted any pain relief

product sales away from Painaway to MaxRelief. To prove this point, Defendant cites

Painaway's corporate designees', Nassar, testimony where he conceded that "[t]here isn't

evidence at the moment in relation to the direct sales." *Id.* Defendant also cites Plaintiff's sales

numbers in the United States which show that they were insignificant before Defendant entered

the market. *Id.* at 18-19.

Plaintiff argues MaxRelief advertising itself as Australia's #1 pain relief product is to

compete with it, "the actual leader in pain relief products in Australia." Pl.'s Br. at 8. It asserts

that there is a "logical causal connection" between MaxRelief's false advertisement and

Painaway's sales position given that MaxRelief's false advertisement directly competes with the

way Painaway markets its own products. *Id*. In minimum, it asserts that there is a question of fact surrounding whether there is a logical causal connection between MaxRelief's false advertising and their sales position.

"[T]here are different standards of proof for different types of remedies under the Lanham Act." *Champion Labs., Inc., v. Parker Hannifin Corp.*,07-12493, 2009 WL 2168322, at *2 (July 17, 2009). "A party seeking both an injunction and damages [a plaintiff] must meet both the standard of proof for an injunction as well as that for damages." *Vexcon Chems., Inc. v. Curecrete Chem. Co.*, No. 07-943, 2008 WL 834392, at *3 (E.D. Pa. Mar. 28, 2008).

> Where [a] plaintiff seeks injunctive relief and shows that a claim is literally false, a court need not consider whether the public is misled. Where, however[,] a plaintiff seeks monetary damages, proof of actual deception is required. This does not mean that plaintiff bears the burden of detailing individualized loss of sales; however, plaintiff must show some customer reliance on the false advertising.

*Gallup, Inc. v. Talentpoint, Inc.,* No. 00-5523, 2001 L 1450592, at *13 (E.D. Pa. Nov. 13, 2001); *see also Castrol*, 987 F.2d at 941-43 (the Third Circuit affirmed the trial court's decision granting injunctive relief but denying monetary damages despite a finding of literal falsity).

A plaintiff "cannot obtain [monetary] relief by arguing how consumers *could* react; it must show how consumers *actually* do react." *Sandoz Pharm. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 228-29 (3d Cir. 1990) (emphasis in original) (affirming district court's conclusion that the plaintiff had failed to meet its burden of proof where it "failed to advance actual evidence of consumer misinterpretation"). The Third Circuit has further held that "[t]he success of the claim usually turns on the persuasiveness of a consumer survey." *AT&T Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 14121, 1443 (3d Cir. 1994); *see also PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 123 (4th Cir. 2011) (finding that consumer surveys are typically used

to "establish that the advertising tends to deceive or mislead a substantial portion of the intended audience").

Here, as a preliminary matter, this Court has already established that Defendant's slogan is puffery and is inactionable. As stated above, Plaintiff has failed to prove that Defendant's advertisement was literally false. Second, even if it were determined that MaxRelief did prove falsity, Painaway failed to show that substantial portion of consumers were misled or produce consumer survey as case law dictates to "show how consumers *actually do* react." *Sandoz Pharm. Corp.*, 902 F.2d at 228-29 (emphasis in original).  Plaintiff has also failed to show a customer reliance on the alleged false advertisement. Thus, Plaintiff's request for Injunctive Relief must fail and this Court **GRANTS** Defendant's Motion.

## IV.     CONCLUSION

For the foregoing reasons, this Court grants Defendant's Motion for Summary Judgment. An appropriate order follows.

**BY THE COURT:**

**/S/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**